LEO POCKWITZ CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6897. Promulgated April 23, 1928.

J. *Harry Scott* for the petitioner.
A. H. *Murray, Esq.*, for the respondent.

OPINION.

TRUSSELL: Leo Pockwitz, who owned all the assets of the insurance business transferred to petitioner in January, 1920, was also the owner of more than 50 per cent of petitioner's outstanding capital stock during the years 1920 and 1921. Accordingly, the computation of petitioner's invested capital for those years is controlled by the provisions of section 331 of the Revenue Acts of 1918 and 1921, as follows:

In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received: *Provided,* That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.

In this proceeding petitioner has adhered to attempting to prove the actual value of certain intangibles at the time they were paid in for its capital stock, but, under the provisions of the above quoted section, it is clear that such value is entirely immaterial for the purpose of computing petitioner's invested capital for the years in question. The only amount which may be properly included in petitioner's invested capital is the cost to Leo Pockwitz in acquiring the assets transferred to petitioner. The record is silent as to that fact, and we are unable to afford this petitioner any relief. The *ex parte* affidavit attached to the petition and setting forth an alleged cost to Pockwitz in building up his insurance business is not evidence of the facts contained therein and we may not give such affidavit any consideration in reaching our decision in this proceeding.

*Judgment will be entered for the respondent.*